T.C. Summary Opinion 2006-140

UNITED STATES TAX COURT


HARRY LEWIS, Petitioner $v$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19598-05S.          Filed September 13, 2006.


Harry Lewis, pro se.

Kathleen K. Raup, for respondent.


RUWE, Judge:  This case was heard pursuant to section 7463[1] in effect when the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's 2002 and 2003 Federal income taxes of $8,501 and $10,356, respectively, and accuracy-related penalties under section 6662(a) of $1,700.20 and $2,071.20, respectively.  After concessions by respondent,[2] the issues for decision are:  (1) Whether petitioner is entitled to claimed itemized deductions for charitable contributions of $16,500 for 2002 and $20,000 for 2003 and (2) whether petitioner is liable for accuracy-related penalties pursuant to section 6662(a) as determined by respondent.

Some facts have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated by this reference.  When the petition was filed, petitioner resided in Downingtown, Pennsylvania.  Petitioner has a master's degree from Penn State University and is a high school principal.

Petitioner timely filed 2002 and 2003 electronic Federal income tax returns.  Petitioner's tax returns for the years in issue were prepared by Mr. Chester Muhammad.  On these returns, petitioner claimed charitable contribution deductions of $16,500 for 2002 and $20,000 for 2003.

---

[2] Petitioner filed his returns as a head of household and claimed a dependency exemption deduction for his daughter. Respondent's notice of deficiency changed petitioner's filing status to single and disallowed the dependency exemptions for both 2002 and 2003.  The parties have since stipulated that petitioner is entitled to head of household filing status and the dependency exemptions for both years.

At trial, petitioner introduced typed documents, which purport to be lists of his 2002 and 2003 cash contributions donated to Souls for the Kingdom Fellowship Church (the church).[3] The lists indicate contributions of $192 per week in 2002 and $200 per week in 2003 (totaling $9,984 in 2002 and $10,400 in 2003).  Petitioner admits that he did not prepare the lists until after he was notified by respondent about the examination of his returns.  Petitioner also admits that the sums were "not accurate pertaining to each amount, but * * * accurate in the sum of money" and, that he "basically somewhat divvied up" the total sum.  Petitioner did not offer any other documentation to substantiate his alleged charitable contributions.

## Discussion

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Pursuant to section 7491(a), the burden of proof as to factual issues may shift to the Commissioner where the taxpayer introduces credible evidence and complies with substantiation requirements, maintains records, and cooperates fully with

---

[3] At one point in his testimony petitioner said that he also gave money to his brother-in-law, another minister, and that he included this on the lists showing contributions to his brother's church.

reasonable requests for witnesses, documents, and other information.  Petitioner has not met the requirements of section 7491(a) because he has not met the substantiation requirements or introduced credible evidence regarding the deductions at issue.

1.    Charitable Deductions

Deductions are strictly a matter of legislative grace and the taxpayer bears the burden of proving entitlement to the claimed deduction.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Section 170(a) allows as a deduction any charitable contribution the payment of which is made within the taxable year.  Deductions for charitable contributions are allowable only if verified under regulations prescribed by the Secretary.  Sec. 170(a)(1).  In general, the regulations require a taxpayer to maintain for each contribution one of the following:  (1) A canceled check; (2) a receipt from the donee;[4] or, in the absence of a check or receipt, (3) other reliable written records.  Sec. 1.170A-13(a)(1), Income Tax Regs.  Section 1.170A-13(a)(2)(i), Income Tax Regs., provides special rules to determine the reliability of records on the basis of all the facts and circumstances of the particular case and further provides factors to consider in making this determination,

---

[4] A receipt is required to contain the name of the donee, the date of the contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs.

including: (1) Whether the writing that evidences the contribution was written contemporaneously and (2) whether the taxpayer keeps regular records of the contributions.

Any charitable contribution of more than $250 must further be substantiated by "a contemporaneous written acknowledgment of the contribution by the donee organization". Sec. 170(f)(8). "Separate contributions of less than $250 are not subject to the requirements of section 170(f)(8), regardless of whether the sum of the contributions made by a taxpayer to a donee organization during a taxable year equals $250 or more." Sec. 1.170A-13(f)(1), Income Tax Regs.

Petitioner contends that he gave cash on a regular basis to the church. Petitioner testified that his brother is the pastor of the church and that he, petitioner, is not a churchgoer. Petitioner testified that he was given a receipt from his brother's church for his contributions, but he did not produce the receipt at trial. Petitioner kept no contemporaneous records of his claimed contributions. Only after receiving notification of an examination of his 2002 and 2003 returns did petitioner prepare written lists of cash contributions given to the church. Petitioner admitted that the lists were not accurate and that he essentially "divvied up" the sum of his contributions into equal parts for each week of each year. Additionally, the deductions claimed on petitioner's 2002 and 2003 returns differ greatly

compared to the sums he calculated on these lists.[5]  Petitioner also testified that he made contributions of approximately $4,000 and $1,000, but produced no written acknowledgments of these contributions by the donee and offered no reliable evidence of these alleged contributions, such as canceled checks or receipts.

We find that petitioner failed to provide reliable evidence of his purported contributions and failed to meet his burden of proof.  We hold that respondent's determinations disallowing petitioner's claimed charitable contribution deductions are sustained.

## 2.  Section 6662(a)

With respect to the accuracy-related penalty under section 6662(a), the Commissioner has the burden of production.  Sec. 7491(c).  To prevail, the Commissioner must produce sufficient evidence that it is appropriate to apply the penalty to the taxpayer.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner meets his burden of production, the taxpayer bears the burden of supplying sufficient evidence to persuade the Court that the Commissioner's determination is incorrect.  Id. at 447.

---

[5] As we have previously mentioned, petitioner claimed deductions for charitable contributions of $16,500 for 2002 and $20,000 for 2003.  However, the lists he offered at trial show contributions totaling only $9,984 in 2002 and $10,400 in 2003.

Section 6662(a) provides an accuracy-related penalty equal to 20 percent of the underpayment required to be shown on a return due to negligence or disregard of rules or regulations. Sec. 6662(b)(1). For purposes of section 6662, the term "negligence" includes "any failure to make a reasonable attempt to comply with the provisions of * * * [the Code], and the term 'disregard' includes any careless, reckless, or intentional disregard." Sec. 6662(c). "Negligence" also includes any failure by a taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b), Income Tax Regs.

An accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1); see Higbee v. Commissioner, supra at 448. This determination is made based on all the relevant facts and circumstances. Higbee v. Commissioner, supra at 448; sec. 1.6664-4(b)(1), Income Tax Regs. "Relevant factors include the taxpayer's efforts to assess his proper tax liability, including the taxpayer's reasonable and good faith reliance on the advice of a professional such as an accountant." Higbee v. Commissioner, supra at 448-449.

Petitioner has failed to keep adequate records or to substantiate properly the items in question. Respondent has provided sufficient evidence to meet his burden of production. Petitioner has not produced evidence to prove that respondent's

determination of negligence is incorrect.  We hold that petitioner is liable for the accuracy-related penalties under section 6662.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.